# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

Southern Division

1:26-cv-2381
Jane M. Beckering - U.S. District Judge

Shawn VanAlstine
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Eagle Township
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. ______________
(to be filled in by the Clerk's Office)

Jury Trial: (check one) [X] Yes [ ] No

FILED - LN
August 20, 2026 10:00 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: pjw / ______ SCANNED BY: NT 8/20

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shawn VanAlstine |
| Street Address | 15350 S. Jones Rd |
| City and County | Eagle Clinton |
| State and Zip Code | Michigan 48822 |
| Telephone Number | 517 719 9585 |
| E-mail Address | shawnvanalstine@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | 14318 Michigan St. |
| City and County | Eagle Clinton |
| State and Zip Code | Michigan 48822 |
| Telephone Number | 517 526 7548 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

see attached

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. Or is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.
Or is incorporated under the laws of *(foreign nation)* ____________________,
and has its principal place of business in *(name)* ____________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

See attached

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

see attached

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Aug. 20th 2026

Signature of Plaintiff: Sh Van[signature]

Printed Name of Plaintiff: Shawn VanAlstine

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________



Print | Save As... | Add Attachment | Reset

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**SHAUN VANALSTINE,**

*Plaintiff,*

v.

**EAGLE TOWNSHIP**, a Michigan Municipal Corporation;

*Defendant.*

**Case No.:** ____________________

**Hon.** ________________________

**COMPLAINT AND JURY DEMAND**

## PARTIES TO THE ACTION

1. **Plaintiff Shaun VanAlstine** is an individual residing in Clinton County, Michigan, and is the fee simple owner of the real property located at **15350 S. Jones Road, Eagle Township, MI 48822** (Mailing Address: **15350 S. Jones Road, Grand Ledge, MI 48837**).
2. **Defendant Eagle Township** is a Michigan municipal corporation located within Clinton County, Michigan, subject to suit under 42 U.S.C. § 1983.
    - **Official Municipal Address:** 14318 Michigan Street, Eagle, MI 48822 (Mailing Address: P.O. Box 193, Eagle, MI 48822)
    - **Official Phone Number:** 517-526-7548

## JURISDICTION AND VENUE

11. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 to redress the deprivation under color of state law of rights, privileges, and immunities secured to Plaintiff by the Fourteenth Amendment to the United States Constitution.
12. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights).
13. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) because Defendant Eagle Township is situated within this judicial district, and all

underlying occurrences giving rise to these constitutional claims occurred in Clinton County, Michigan.

14. Under the Supreme Law Clause of the United States Constitution and the fundamental principles established in *Marbury v. Madison*, 5 U.S. 137 (1803), any local legislative ordinance or municipal administrative enforcement action that is repugnant to the Constitution or directly preempted by statutory law is void and unenforceable.

## STATEMENT OF FACTS

15. Plaintiff Shaun VanAlstine is the fee simple owner of real property situated at 15350 S. Jones Road, Eagle Township, Michigan.
16. The subject property is officially situated in an area designated as A-2 (Agriculture District) under local zoning classifications.
17. Plaintiff operates an independent mobile commercial machining trade and uses the subject property, in part, for agricultural equipment storage and private operations.
18. In reliance on Michigan statutory authority, specifically the Michigan Construction Code (MCL 125.1502a) and the Michigan Right to Farm Act (MCL 286.471 *et seq.*), Plaintiff constructed an accessory structure intended and utilized for agricultural storage, including the housing of tractor equipment used for property maintenance.
19. Under MCL 125.1502a, agricultural buildings are explicitly exempt from local municipal construction permit requirements and local zoning construction restrictions.
20. Notwithstanding state statutory preemption, Defendant initiated administrative enforcement proceedings against Plaintiff, alleging dimensional setback and floor-area non-conformities under local ordinances.
21. On administrative enforcement hearings, including the Zoning Board of Appeals (ZBA) variance meeting, Defendant acted without providing Plaintiff a constitutionally sufficient administrative tribunal.
22. **Failure of Mandatory Pre-Hearing Notice:** Defendant failed, refused, or neglected to provide Plaintiff with timely, legally sufficient notice of the ZBA variance meeting concerning his property, directly violating statutory notice mandates under the Michigan Zoning Enabling Act (MCL 125.3103 / MCL 125.3604) and depriving Plaintiff of reasonable, advance preparation time to present a full defense. **(Exhibit A)**
23. Furthermore, Defendant failed, refused, or neglected to record an official audio, video, or court-reporter transcript of the administrative enforcement hearing where structural removal/demolition was ordered.**(Exhibit B)**
24. During the ZBA variance hearing, the Board arbitrarily refused to receive, consider, or examine photographs and visual evidence presented by Plaintiff demonstrating property conditions, agricultural usage, and compliance with statutory exemptions.
25. At the conclusion of the variance hearing, the Board completely failed and refused to inform Plaintiff of the administrative procedure, next steps, appeal rights, or statutory timelines required to seek judicial review or cure alleged non-conformities, leaving Plaintiff without clear operational guidance.
26. In good faith and in an effort to reach an amicable, lawful resolution without litigation, Plaintiff made at least three (3) distinct attempts to reconcile, mediate, and negotiate an administrative compromise regarding the structure with Defendant. **(Exhibit C)**

27. Defendant summarily and arbitrarily denied, rejected, and refused all three (3) reconciliation attempts, demonstrating an unyielding intent to order complete structural destruction regardless of state statutory preemption, evidentiary submissions, lack of notice, or potential compromise. **(Exhibit C)**
28. **Differential Treatment / Class-of-One Discrimination:** Defendant intentionally, selectively, and maliciously targeted Plaintiff for aggressive enforcement, variance denial, and ordered total demolition, while systematically ignoring, permitting, or granting variances/exemptions for other similarly situated agricultural and accessory structures within Eagle Township.
29. Plaintiff was intentionally singled out and treated differently from other similarly situated property owners in Eagle Township who maintain accessory or agricultural storage structures with comparable setbacks, dimensional characteristics, or unpermitted statuses, without any rational basis or legitimate government purpose. **(Exhibit D)**
30. Defendants' selective enforcement and harsh demands for total demolition against Plaintiff were motivated by personal animus, ill will, and an intent to inflict commercial and personal harm on Plaintiff.
31. Following these defective administrative proceedings and rejected reconciliation attempts, Defendant issued an administrative order directing the total abatement/demolition of Plaintiff's structure, valued at approximately $1,100,000.00.
32. Because Defendant completely failed to provide legal notice of the variance hearing, failed to record a transcript, refused to accept relevant photographic evidence, omitted required procedural instructions, categorically rejected three good-faith attempts to reconcile, and arbitrarily targeted Plaintiff for disparate enforcement, Plaintiff was structurally deprived of his constitutional rights and meaningful appellate review.
33. Furthermore, Defendant failed to produce or identify any private individual or property owner who suffered concrete, particularized injury as a result of the structure, proceeding solely on administrative fiat. **(Exhibit E)**
34. Defendant have threatened active enforcement, demolition, and commercial deprivation of Plaintiff's property, causing ongoing irreparable harm and tortious interference with Plaintiff's business livelihood valued at approximately $5,000.00 per day.

## COUNT I

### Deprivation of Procedural Due Process (5th & 14th Amendment)

*(42 U.S.C. § 1983 – Against All Defendants)*

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.
36. Plaintiff possesses a clearly established, constitutionally protected Property Interest under the Fourteenth Amendment in his real estate, improvements, and the $1.1 million structure located at 15350 S. Jones Road.
37. Procedural Due Process under the Fifth and Fourteenth Amendment guarantees that no State or political subdivision shall deprive a citizen of property without proper written notice, a fair hearing, the right to present relevant evidence, clear notification of

procedural appeal rights, reasonable opportunities for administrative cure or reconciliation, and a reviewable administrative record.

38. Defendant, acting under color of state law, deprived Plaintiff of Procedural Due Process by issuing an order demanding the complete destruction of Plaintiff's property following an administrative proceeding where:
    - a. Defendant failed to provide proper, timely, or legally sufficient notice to Plaintiff of the ZBA variance meeting;
    - b. Defendant failed to preserve or record an official transcript;
    - c. Defendant arbitrarily refused to look at or admit Plaintiff's photographic evidence during the ZBA variance meeting;
    - d. Defendant failed to provide mandatory instructions regarding next steps, appeal procedures, or remedial avenues;
    - e. Defendant arbitrarily denied three (3) separate good-faith attempts by Plaintiff to reconcile and cure the alleged non-conformities;
    - f. Defendant failed to compile a reviewable administrative record; and
    - g. Defendant effectively destroyed Plaintiff's statutory right to meaningful appellate review.
39. The failure to provide legal notice, failure to maintain a reviewable record, active refusal to admit evidence or explain procedural remedies, and flat refusal of three separate reconciliation offers in a proceeding involving the mandatory demolition of a major private asset constitutes a systemic, structural defect that violates the core guarantees of the Fourteenth Amendment.
40. As a direct and proximate result of Defendants' procedural violations, Plaintiff has suffered and continues to suffer immediate, irreparable harm, severe economic loss, and the imminent threat of property destruction.

## COUNT II

### Deprivation of Substantive Due Process / Arbitrary & Capricious Government Action

*(42 U.S.C. § 1983 – Against All Defendants)*

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.
42. The Fourteenth Amendment protects private property owners from arbitrary, capricious, and ultra vires exercise of municipal authority that "shocks the conscience."
43. The government cannot convert a constitutionally protected property right or statutory exemption into a mere administrative privilege subject to discretionary municipal licensing, variance approval, or unmitigated threat of demolition (*see Marbury v. Madison*, 5 U.S. 137 (1803); *Murdock v. Pennsylvania*, 319 U.S. 105 (1943); *Shuttlesworth v. Birmingham*, 394 U.S. 147 (1969)).
44. Under Michigan state law, MCL 125.1502a and the Right to Farm Act, local municipalities are expressly preempted from enforcing local zoning building restrictions on qualifying agricultural structures. Plaintiff's statutory exemption constitutes a protected right that Defendant cannot arbitrarily alter or condition upon municipal whim.

45. Defendant acted arbitrarily, capriciously, and outside the scope of their lawful jurisdiction (*Ultra Vires*) by conducting unnotified meetings, attempting to enforce local ordinances against an exempt agricultural structure, ignoring exculpatory photographic proof, withholding procedural guidance, and rejecting three separate good-faith efforts to reconcile.
46. Defendants' demand for the complete demolition of a $1.1 million structure without providing adequate notice, without proving any concrete public safety hazard or particularized harm—and while stonewalling three separate settlement and reconciliation efforts—constitutes an unconstitutional, arbitrary misuse of governmental power that shocks the conscience.
47. As a direct and proximate result of Defendants' arbitrary conduct, Plaintiff is entitled to injunctive relief and monetary damages.

## COUNT III

**Deprivation of Equal Protection – "Class of One" (14th Amendment)**

*(42 .S.C. § 1983 – Against All Defendants)*

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.
49. The Equal Protection Clause of the Fourteenth Amendment guarantees that no State or municipal authority shall deny to any person within its jurisdiction the equal protection of the laws, protecting individuals from arbitrary government discrimination even when not alleging membership in a protected class under a "Class of One" theory (*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).
50. Plaintiff was intentionally singled out and treated differently from other similarly situated property owners within Eagle Township who possess accessory, storage, or agricultural structures with alleged setback, footprint, or ordinance non-conformities.
51. While other township residents received proper notice, fair hearings, administrative guidance, and variance approvals, Defendant deprived Plaintiff of statutory variance meeting notice, ignored Plaintiff's evidence, and issued a mandatory demolition directive.
52. There is no rational basis, legitimate municipal purpose, or governmental justification for Defendants' disparate and punitive treatment of Plaintiff in ordering total demolition of Plaintiff's $1,100,000.00 structure while ignoring, excusing, or granting variances/exemptions to other property owners in the township for similar structures.
53. Defendants' intentional singling out, unequal enforcement, withholding of meeting notice, refusal to examine evidence, rejection of reconciliation, and insistence on complete structural demolition were driven by subjective animus, ill will, and an intent to maliciously harm Plaintiff.
54. As a direct and proximate result of Defendants' equal protection violations under a "Class of One" theory, Plaintiff has suffered and continues to suffer severe economic losses, business disruption, and the imminent threat of unconstitutional property destruction.

## COUNT IV

**Municipal Liability – Unconstitutional Custom, Policy, or Practice**

*.S.C. § 1983 – Against Defendant Eagle Township under Monell)*

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.
56. At all times material hereto, the actions of the individual Defendants represented the official policy, custom, and practice of Defendant Eagle Township.
57. Defendant Eagle Township maintains a custom, policy, or practice of holding zoning enforcement and ZBA proceedings without providing mandatory statutory notice to affected landowners, conducting hearings without recording equipment, refusing to evaluate citizen photographic evidence, withholding procedural directions, systematically rejecting attempts at reconciliation, targeting specific landowners for selective enforcement, and failing to enforce state statutory preemption laws.
58. Defendant Eagle Township failed to adequately train and supervise its Zoning Administrator and Board/ZBA Members regarding the Fifth and Fourteenth Amendment Due Process and Equal Protection requirements, statutory hearing notice requirements, evidentiary standards, fair administrative conciliation, non-discriminatory zoning enforcement, and Michigan agricultural preemption statutes. **(Exhibit F)**
59. The unconstitutional custom, policy, selective enforcement, and failure to train directly caused the deprivation of Plaintiff's constitutional rights under the Fifth and Fourteenth Amendment.
60. Defendant Eagle Township is directly liable for Plaintiff's injuries pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT V

### Unconstitutional Regulatory Takings / Inverse Condemnation (5th Amendment)

*(42 .S.C. § 1983 – Against All Defendants)*

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as though fully set forth herein.
62. The Fifth Amendment to the United States Constitution, made applicable to state and local governments through the Fourteenth Amendment, provides that private property shall not be taken for public use without payment of **just compensation**.
63. A municipal land-use or zoning action constitutes an unconstitutional **categorical regulatory taking** under *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), when it deprives a property owner of all economically beneficial or productive use of their private structure or land.
64. Furthermore, under *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978), municipal action constitutes an unconstitutional regulatory taking when evaluating: (a) the severe economic impact on the property owner; (b) the extent to which the regulation interferes with distinct investment-backed expectations; and (c) the character of the governmental action.
65. Defendants' administrative order directing the complete, mandatory demolition and physical destruction of Plaintiff's $1,100,000.00 agricultural structure constitutes an unconstitutional taking of private property without just compensation in direct violation of the Fifth Amendment.

66. Defendants' actions completely destroy 100% of the economic value and utility of Plaintiff's $1.1 million structure, severely interfering with Plaintiff's investment-backed expectations and ongoing commercial business operations.
67. Defendant has failed, refused, and made no provision to tender just compensation to Plaintiff for the destruction and deprivation of his private property.
68. As a direct and proximate result of Defendants' unconstitutional regulatory taking and inverse condemnation under color of state law, Plaintiff is entitled to monetary compensation equal to the full fair market value of the property taken, consequential commercial damages, and injunctive relief prohibiting destruction without just compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shaun VanAlstine respectfully requests that this Honorable Court enter judgment against Defendant, jointly and severally, as follows:

A. Issue a Temporary Restraining Order (TRO) and Preliminary Injunction enjoining Defendants, their agents, employees, and contractors from enforcing any administrative abatement, demolition, or zoning penalty against Plaintiff's property during the pendency of this action;
B. Issue a permanent injunction prohibiting Defendant, their agents, and assigns from demolishing, removing, altering, or relocating the physical building located at 15350 S. Jones Road, Eagle, MI 48822.
C. Declare that Defendants' administrative enforcement proceedings violated Plaintiff's Fifth and Fourteenth Amendment Procedural Due Process, Substantive Due Process, and Equal Protection ("Class of One") rights;
D. Award Plaintiff compensatory damages against Defendants, jointly and severally, in an amount to be proven at trial, but not less than $5,000,000.00;
E. Award Plaintiff punitive damages against the Individual Defendants in their individual capacities for their deliberate indifference and malicious conduct;
F. Award Plaintiff his reasonable attorney fees, expert witness fees, and litigation costs pursuant to 42 U.S.C. § 1988; and
G. Grant such other and further relief as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 20th, 2026

Respectfully submitted,

[signature]

**Shaun VanAlstine**

*Plaintiff Pro Se*

15350 S. Jones Road

Eagle, MI 48822

Telephone: 517-719-9585

Email: shaunvanalstine@gmail.com